| iFOGG, Judge,
dissenting.
For the following reasons, I respectfully dissent and would affirm the judgment of the trial court.
The right to establish a corporation in the State of Louisiana is set forth in Title 12 of the Louisiana Revised Statutes, which is entitled Business Corporation Law. That legislation also defines the conditions under which a corporation may exist. LSA-R.S. 12:52 C provides that the consideration to be given for the issuance of shares in a corporation can be in cash; however, cash consideration for shares may not be paid by the purchaser’s note, secured or unsecured. This provision protects the general public who purchase stock in the corporation and who are creditors of the corporations.
In this case, the corporation sold stock to Johnny Smith for the consideration of a promissory note in violation of LSA-R.S. 12:52 C. Then, once the corporation became insolvent, it sought to collect the balance of the note from Mr. Smith. Therefore, disposition of this case turns on the question of whether the contract of sale of the stock is an absolute nullity (that is, one which violates a rule of public order) or relative nullity (one which violates a rule intended for the protection of private parties), See LSA-C.C. arts. 2030 and 2031.
I believe there is strong policy in protecting the public by restricting the actions of a corporation to those specified by the Business Corporation Law; therefore, the act of selling stock for a promissory note is an absolute nullity. Cf. Albritton v. Albritton, 600 So.2d 1328 (La.1992).